NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HUGO LOPEZ-MARZARIEGOS, AKA
Hugo Leonel Mazariegos, AKA Hugo
Lionel Lopez-Mazariegos, AKA Hugo
Lionel Lopez, AKA Hugo Leo Lopez, AKA
Hugo Lopez, AKA Hugo Leonel Lopez,

Defendant - Appellant.

No. 23-875

D.C. No.
2:22-cr-00329-RGK-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted May 16, 2024[**]
Pasadena, California

Before: N.R. SMITH and MENDOZA, Circuit Judges, and HINDERAKER,
District Judge.[***]

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John Charles Hinderaker, United States District Judge
for the District of Arizona, sitting by designation.

Hugo Lopez-Marzariegos, a citizen of Guatemala, was convicted of one count of being found in the United States without permission following deportation under 8 U.S.C. §§ 1326(a), (b)(2). He appeals his sentence, conviction, and the district court's denial of his motion to dismiss the indictment. We have jurisdiction under 18 U.S.C. § 3742(a), and we affirm.

1. Reviewing de novo, *United States v. Marguet-Pillado*, 560 F.3d 1078, 1081 (9th Cir. 2009), the district court correctly relied on *United States v. Rizo-Rizo*, 16 F.4th 1292 (9th Cir. 2021), and *Pena-Cabanillas v. United States*, 394 F.2d 785 (9th Cir. 1968), to deny Lopez-Marzariegos's motion to dismiss. We have long recognized that "found in" illegal reentry under 8 U.S.C. § 1326 does not require specific knowledge of deportation or citizenship status. *See, e.g.*, *Rizo-Rizo*, 16 F.4th at 1295–96; *see also United States v. Vazquez-Hernandez*, 849 F.3d 1219, 1226 (9th Cir. 2017). Contrary to Lopez-Marzariegos's assertions otherwise, these cases are not clearly irreconcilable with the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Rehaif* involved a different statute with an explicit mens rea term and was primarily concerned with criminalizing innocent conduct. *See id.* at 2196. Here, entering the United States without complying with immigration procedures was not otherwise innocent conduct, whether or not Lopez-Marzariegos understood his status.

2. The district court did not err by administering the wrong oath to certain

witnesses. Lopez-Marzariegos failed to object to this error, so we review for plain error. *See United States v. Cazares*, 788 F.3d 956, 976 (9th Cir. 2015); *see also* Fed. R. Crim. P. 52(b). Lopez-Marzariegos fails to demonstrate that it "affected the outcome of the … proceedings." *United States v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014). Lopez-Marzariegos chose not to cross-examine any witness at trial, does not contest his guilt on appeal, does not identify any unreliable testimony in the record, and the evidence against him at trial was overwhelming. Nor does Lopez-Marzariegos explain how this error amounted to a structural one, which is "relatively rare and consist[s] of serious violations that taint the entire trial process, thereby rendering appellate review of the magnitude of the harm suffered by the defendant virtually impossible." *United States v. Chavez-Cuevas*, 862 F.3d 729, 734 (9th Cir. 2017) (quoting *Eslaminia v. White*, 136 F.3d 1234, 1237 n.1 (9th Cir. 1998)). Here, the witnesses were sworn with an oath that could reasonably, if imperfectly, impress their duty to testify truthfully.

3.      The district court did not clearly err, *United States v. Ramos-Medina*, 706 F.3d 932, 936 (9th Cir. 2013), by denying Lopez-Marzariegos a downward departure for acceptance of responsibility. The district court based its denial primarily on its view that defendant was unwilling to accept responsibility "through the entire case." Lopez-Marzariegos's testimony and sentencing statement show that he did not accept responsibility at least for the 2016 conviction

that supported his charge under § 1326(b)(2); he contested the evidence undergirding his present conviction; and he testified that he felt compelled to reenter the United States, despite knowing it was unlawful. Given that the district court "based its decision on 'the facts of this case and on this particular record' as a whole," *id.* at 934, we cannot conclude that it clearly erred.

**AFFIRMED.**